IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a/s/o INSTALL, INC. and INSTALL, INC., individually | : : : : : | No. 07-cv-1375 |
| Plaintiff, | : : | |
| v. | : : | |
| PISCATAQUA TRANSPORTATION, INC. and GUY M. TURNER, INC., | : : : : | Judge John E.Jones III |
| Defendants. | : | |

**MEMORANDUM**

April 28, 2009

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**

On April 7, 2009, this Court entered summary judgment in favor of

Defendant Guy M. Turner, Inc. ("Turner") and against Defendant Piscataqua

Transportation Inc. ("Piscataqua") on a cross-claim asserted by the former against

the latter. (Rec. Doc. 58). The resolution of that issue left as the only remaining

claim Piscataqua's counter-claim against Turner. In our Order of April 7, 2009,

we noted that Piscataqua's last documented activity in this case was a concurrence

in Turner's motion to continue the pretrial conference, filed on December 18,

1

2008. (Rec. Doc. 54). Since Piscataqua's seeming disinterest in participating in the litigation of the instant action rightfully concerned us, we ordered it to file on the docket by April 13, 2009 a letter indicating either its readiness to litigate the remainder of the claims involved in this case, or legitimate reasons why it cannot at this time proceed in doing so. (See Rec. Doc. 58). We warned Piscataqua that failure to do so would result in the dismissal of Piscataqua's remaining cross-claim for failure to prosecute. As of this date, Piscataqua has yet to file such a letter.

Accordingly, we will dismiss Piscataqua's cross-claim against Turner for failure to prosecute.[1] As said cross-claim is the only outstanding claim in the

---

[1] In resolving an issue of failure to prosecute, we would normally consider the factors enunciated by the Third Circuit Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). These factors are:

> "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (3) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

Williams v. Forte, 270 Fed. Appx. 221, 223 (3d. Cir. 2008) (citing id.). However, the Third Circuit has noted that "a Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal." Dover v. Diguglielmo, 181 Fed. Appx. 234, 237 (3d Cir. 2006) (citations omitted).

In the instant case, we afforded Piscataqua the opportunity to indicate its willingness to participate in the litigation of its cross-claim. It failed to take advantage of that opportunity. Its disinterest in participating in this case, as documented both above and in our Order of April 7, 2009, leaves us with no option other than dismissal. See Dover, 181 Fed. Appx. at 237 (when the plaintiff has exhibited a disinterest in litigating its claim and the District Court provides plaintiff

instant action, its resolution will terminate litigation in this case.  An appropriate

Order will enter.

---

with options that the plaintiff ignores, the District Court does not abuse its discretion in
dismissing the claim).